IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 89-49-KAJ |
| ) | |
| IGNAZIO LENA, ) | |
| ) | |
| Defendant. ) | |

**OBJECTION TO REDUCTION OF SENTENCE**

On June 1, 2004, the Defendant filed a "Motion for Resentencing Pursuant to 18 U.S.C. section 3582, or in the Alternative, Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure." He states that he was sentenced to 340 months imprisonment on June 11, 1990. He also concedes that he has twice previously filed section 2255 motions, which have been denied. *See* D.I. 585, Exhibits 6 and 7. Recognizing that section 2255 is now barred to him as a vehicle for presenting the claims that he wants to present, he now asks for a reduction of sentence premised on two sources of authority – 18 U.S.C. § 3582(c) and Fed. R. Civ. P. 60(b)(6). Neither, however, provides any support for his request.

The Defendant is fairly frank to admit that he believes he should be re-sentenced to a lower term of imprisonment because one of his co-defendants, Francisco Bellitti, who was originally sentenced to 420 months imprisonment, was re-sentenced on July 18, 2001 to 262 months imprisonment. Defendant believes that justice suggests that his sentence should be lower than Bellitti's, and that his sentence should therefore be adjusted accordingly. Perhaps recognizing that this logic can only be carried so far (he had numerous co-defendants, some of whom also got long

sentences, which have not subsequently been adjusted), he also argues that there are two sentencing issues that were wrongly decided – namely, increasing his offense level by two levels because of the purity of the drugs, and increasing it by two levels for possession of a gun during the offense. *See* D.I. 584, at p.11. The first issue, he admits, was presented in his original appeal, albeit not in the same terms as raised now, and decided against him by the Third Circuit. *See id.* at 12; D.I. 585, Exhibit 5, at p.5-6. His memorandum does not appear to argue that the decision was erroneous; merely that it was unfair because Bellitti did not also get the enhancement. The second issue, he admits, was not previously raised by him, but, he says, language in the unpublished Third Circuit decision on Bellitti's most recent appeal, see D.I. 585, Exh. 11, p.5, requires, by negative implication, the conclusion that it was error to raise his offense level because other individuals possessed guns during the conspiracy. There does not appear to be much merit to the two specific issues he raises, but, more importantly, he cannot raise them.

Section 3582(c) does not give this Court jurisdiction to lower his sentence. In relevant part, section 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) . . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered *by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* (italics added).

The Defendant's Motion seeks to rely upon subsection (c)(2). The Defendant's Motion's reliance upon subsection (c)(2) is misplaced, as that requires action by the Sentencing Commission as a predicate for a sentence reduction. Nowhere in the papers does it cite to any purported Sentencing Commission action. Rather, it is apparent that the basis for seeking the relief is that a co-defendant (Bellitti) received a lower sentence that grew out of Sentencing Commission decision related to Sentencing Guideline § 3C1.1.[1] See D.I. 583, ¶5. The Defendant's sentence was not impacted by Sentencing Guideline § 3C1.1. There is thus no retroactive guideline amendment that suggests a basis for re-sentencing him.[2] *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir.1994) (noting that § 3582(c)(2) only applies to retroactive guideline amendments); *cf. United States v. McBride*, 283 F.3d 612, 615-16 (3d Cir.2002) (no *Apprendi*-premised § 3582(c)(2) relief).

The Defendant also argues that Rule 60(b)(6) provides a basis for the relief he seeks. Rule 60(b)(6) provides that: "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation fo the judgment." This Court has, in analogous situations, not found that Rule 60(b)(6) provides any basis for a section 2255 movant. *See Telesford v. United States*, 2004 WL 724959 (D.Del., Mar. 31, 2004) (Jordan, J.); *see also United States v. Coley*, 2005

---

[1] As indicated by the Defendant, Judge McKelvie's re-sentencing of Belliti resulted in a disparate sentence from that imposed on a number of the co-defendants in that case. *See* D.I. 585, Exhibit 10, page 34. It cannot be the case that simply because Judge McKelvie significantly lowered Belliti's sentence, that all of the co-defendants are now eligible for reduced sentences.

[2] The Defendant cites "Amendment 439" as a possible basis for the exercise of jurisdiction under section 3582(c). *See* D.I. 584, pp. 22-23. Leaving aside whether a motion in 2004 based on an amendment in 1992 would be considered timely, the more significant objection to reliance upon Amendment 439 is that it is not retroactive. *See* U.S.S.G. § 1B1.10(c) (listing retroactive amendments, amendment 439 not among them).

WL 1107375 (D.Del., May 6, 2005) (Farnan, J.). In *Telesford* (which was a case involving one of the Defendant's co-defendants), this Court held that the first thing that the Court had to decide when a "60(b)" motion was filed was whether it really was a section 60(b) motion or whether it really was a section 2255 motion. In *Telesford*, this required some analysis. Since the 60(b) motion "challenge[d] the federal habeas proceeding itself [*i.e.*, Telesford was seeking relief from the Court's decision on his previous section 2255 motion], rather than the underlying conviction, [the Court concluded] the motion constituted a Rule 60(b) motion and not a successive habeas motion." *Id.* at *1. In this case, the Defendant does not claim there was some error in one of his previous section 2255 motions; rather, he claims there was error in his sentencing. That being so, this motion is, in reality, a "second or successive" 2255 motion, and therefore this Court does not have jurisdiction to consider it. *See Coley*, *supra*, at *3-4 (relying upon *Pridgen v. Shannon*, 380 F.3d 721, 727-28 (3d Cir. 2004), *cert. denied*, 125 S.Ct. 1298 (2005). Only the Court of Appeals has jurisdiction.

The Defendant's motion should be dismissed for lack of jurisdiction, or, in the alternative, denied.

COLM F. CONNOLLY
United States Attorney

By: /s/ Richard G. Andrews
Richard G. Andrews
First Assistant United States Attorney

Dated: 1/19/06

## CERTIFICATE OF SERVICE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 89-49-KAJ |
| ) | |
| IGNAZIO LENA, ) | |
| ) | |
| Defendant. ) | |

I, Sharon L. Bernardo, employee with the United States Attorney's Office, hereby certify that on January 19, 2006, I electronically filed with the Clerk of the Court using CM/ECF the foregoing:

**OBJECTION TO REDUCTION OF SENTENCE**

and by causing two copies of said document to be placed in a postage prepaid envelope, placed in the United States Mail, and addressed to counsel of record as follows:

Robert G. Levitt, Esquire
1733 High Street
Denver, CO  80218

*/s/ Sharon L. Bernardo*